```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
        v.                  )   Criminal No. 14-009
                            )   Judge Mark R. Hornak
                            )
RASUL ABERNATHY             )
```

### UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said district, and respectfully submits the following Sentencing Memorandum to assist the Court in imposing a fair, reasonable, and just sentence.

I.      **BACKGROUND**

The case was presented by the FBI and the Allegheny County Police Department. The case initially began when a juvenile female runaway at Shuman Detention Center, who was 16 and born on March 11, 1996, disclosed to Shuman personnel in April of 2013 that she had been trafficked by a male named Rasul Abernathy and his girlfriend Poshauntamarin Walker from approximately July of 2012, to on or about March 1, 2013.

Walker was employed as a correctional officer at SCI Greensburg at the time.

The female juvenile indicated that she had lived with Walker and Abernathy in their one bedroom apartment in North Versailles, Pennsylvania, during the relevant time period. During that time, Abernathy and Walker were aware that the juvenile female was a runaway from juvenile placement and was underage.

Investigation by the FBI revealed that ads were placed for the prostitution services of the juvenile female and a juvenile male during the time period set forth in the Superseding Indictment. The juvenile male was 17 years old when he worked for Abernathy and Walker. His birthdate is December 1, 1995. The evidence revealed that the juvenile male worked as a prostitute for the defendants from approximately December 2012 to March 2013, after Abernathy found him on a website named Tagged.com and asked him to work for them as a prostitute. The juvenile told Abernathy and Walker that he was 17 years of age.

The juvenile male advised that while he was working for Abernathy and Walker, Walker would drive him to the "dates" with Abernathy as a passenger in the car, they would wait outside in the car for him, and drive him home. He reported that while he worked for them, they would advertise the juvenile male's services on Backpage.com and set up his appointments with

2

potential johns.  The juvenile male gave Abernathy a percentage of the money he received from the dates.  While working for Abernathy and Walker, the juvenile male's prostitution appointments took place at various locations in the City of Pittsburgh, including an Oakland hotel and the Sheraton Station Square.

Documentary evidence in the case revealed motels, such as the East Exit and Hiland Terrace motels, reported cash provided by Abernathy for rooms during the relevant time period.  Dollar Bank reported rooms purchased on Walker's debit card at the East Exit Motel and Hiland Terrace as well. The evidence from Backpage.com revealed dozens of ads in Pittsburgh and one in Philadelphia with attached phone numbers for Abernathy and Walker at their home address in North Versailles.  Some of the pictures and physical descriptions on those ads were of the female juvenile and the male juvenile.  The ads were paid for with Walker's prepaid credit cards and her Dollar Bank debit card on numerous occasions.  In addition, the IP addresses for the ads were traced to the Walker and Abernathy apartment in North Versailles where the Internet account is in Walker's name. All hotel rooms and Internet ads fall within the relevant time period that the juvenile female reported living with Walker and Abernathy and the juvenile male worked for them.  Walker's license plate was registered at both the Hiland Terrace and East

3

Exit motels during the relevant time period.  Approximately $5,000 in cash was deposited into Walker's account during the relevant time period.  Cellular phones recovered at the time of arrest and execution of a search warrant of the defendant's residence revealed text message communications concerning the juvenile female and the juvenile male and their work for Abernathy and Walker as prostitutes.  Further, photographs used in the Backpage ads of both the juvenile female and male were recovered from the cellular phones seized from the defendants at the time of their arrest in Philadelphia.

## II.    PROCEDURAL HISTORY

Defendant Abernathy and his co-defendant Walker were charged in a Superseding Indictment in this case with Sex Trafficking of a Child, pursuant to 18 U.S.C. § 1591. Specifically, Count One charged Conspiracy to Commit Sex Trafficking, Count Two charged Sex Trafficking of a Child relating to a minor 16 year old female, and Count Three charged Sex Trafficking of a Child relating to a minor 17 year old male. The defendant has pled guilty to Count Three of the Superseding Indictment.  The parties have entered into a plea agreement and have stipulated that a sentence of ten (10) years imprisonment, no fine, and 5 years supervised release is an appropriate sentence in this case.

### III.    ARGUMENT

In consideration of the sentencing factors outlined at 18 U.S.C. §3553(a), the government asks that this Court accept the plea agreement entered into between the parties and sentence the defendant to ten years (120 months) imprisonment, to be followed by five (5) years of supervised release.  This sentence is sufficient, but not greater than necessary to consider the seriousness of the offense and the need to specifically deter this defendant and protect the public from any further crimes.

It is beyond dispute that trafficking in persons, or human trafficking, is a serious civil rights violation that rests upon the exploitation of human beings.  In contrast to the trafficking of drugs or guns, human trafficking involves the sale of the physical bodies of fellow human beings, without regard for their well-being or safety, and for the financial benefit of traffickers like the defendant.  The impact of this crime on its victims is profound and long-lasting, and offenders like the defendant must be seriously punished to reflect the severity of the crime, and promote respect for the law.

The defendant has pled guilty to one of the three Counts in the Superseding Indictment in this case.  The Sex Trafficking of a Minor charge to which the defendant has pled guilty (Count Three) carries by statute a 10 year mandatory minimum.  The advisory USSG range listed in the PSIR is 135-168

5

months. In this case, the defendant promptly accepted responsibility for his offense and notified the government of his desire to plead guilty early in the case so as to avoid the further unnecessary expense of government and judicial resources. The parties have thoroughly reviewed the evidence in the case and have arrived at the plea agreement currently before the Court, which the government believes properly addresses the seriousness of the offense and the defendant's specific role in the crime of conviction, as well as the defendant's willingness to accept responsibility to avoid further harm to the victims and expense of resources. The Court has scheduled an In-Camera Hearing in this matter on January 6, 2015, and counsel for the government will be fully prepared to address the efficacy of the plea agreement at that time.

**IV.   CONCLUSION**

      WHEREFORE, the government respectfully requests that the Court accept the plea agreement in this case and impose on the defendant a sentence of 120 months, to be followed by five years of supervised release.

                            Respectfully submitted,

                            DAVID J. HICKTON
                            United States Attorney

                            <u>/s/ Jessica Lieber Smolar</u>
                            JESSICA LIEBER SMOLAR
                            Assistant U.S. Attorney
                            PA ID No. 65406